# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

SPENCER JOHNSON SR.,
Inmate No 1523215

     **Plaintiff,**

v.                                         1:17-cv-544-WSD

AMANDA GRANTHAM,

     **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [8] ("Final R&R") recommending that this action be dismissed for failure to state a claim under 28 U.S.C. § 1915A. Also before the Court is Plaintiff's Motion for Extension of Time to Correct Errors Made in Lawsuit [10] ("Motion for Extension").

## I. BACKGROUND

On February 13, 2017, Plaintiff, a prisoner, filed his *pro se* Civil Rights Complaint pursuant to 42 U.S.C. § 1983 [1] ("Complaint"), asserting various ineffective assistance of counsel claims against Defendant Amanda Grantham, the assistant public defender that is allegedly representing Plaintiff in his state criminal

proceedings. Plaintiff also appears to be requesting appointment of a different attorney to his state criminal case as well as damages.

On May 11, 2017, the Magistrate Judge screened Plaintiff's Complaint and issued his Final R&R, recommending that this action be dismissed under 28 U.S.C. § 1915A. Plaintiff did not file objections to the Final R&R. On June 2, 2017, Plaintiff filed his Motion for Extension seeking thirty days to "fix all error's [sic] made in lawsuite [sic]." ([10] at 1).

## II. LEGAL STANDARDS

### A. Frivolity Review Under 28 U.S.C. § 1915A

A federal court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court is required to dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A claim is frivolous, and must be dismissed, where it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).

Plaintiff filed his Complaint *pro se*. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005). "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007). "[A] district court does not have license to rewrite a deficient pleading." Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

B. Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093,

1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Plaintiff did not file objections to the Final R&R, and the Court thus reviews it for plain error.

## III. DISCUSSION

Plaintiff asserts § 1983 claims against Defendant for ineffective assistance of counsel, including failing to file certain motions and failing to act with reasonable diligence. (Compl. at 4-8). To state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010). The U.S. Supreme Court has held that "[u]nlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor." Vermont v. Brillon, 556 U.S. 81, 91 (2009). See also Polk Cnty. V. Dodson, 454 U.S. 312, 325 (1981) ("The Court today holds that a public defender cannot act under color of state law because of his independent ethical obligations to his client."). The Magistrate Judge found that because Amanda Grantham, Plaintiff's alleged counsel in his state criminal proceedings, is the only defendant named in the action, the action required dismissal. ([8] at 3). The Court finds no plain error in this determination.

Plaintiff also appears to be asking this Court to somehow interfere in his state criminal proceedings by appointing new counsel and/or for this Court to help bring about his release. Based on the "settled policy" articulated in <u>Younger v. Harris</u>, 401 U.S. 37, 46, 53-54 (1971), that federal courts should not intervene in ongoing state criminal prosecutions "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief," the Magistrate Judge found that any "extraordinary circumstances" justifying the Court's intervention were lacking and Plaintiff failed to provide justification as to why he would be unable to raise any federal constitutional claims in the state courts. ([8] at 1-2). The Magistrate Judge also found that the proper vehicle for any claims challenging the fact or duration of Plaintiff's confinement was a habeas corpus petition following the exhaustion of his state court remedies. (<u>Id.</u>). The Court finds no plain error in this holding.[1]

**IV. CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [8] is **ADOPTED**.

---

[1] Because the Court has dismissed all claims, and thus the action, without prejudice, Plaintiff's Motion for Extension is denied as moot.

5

**IT IS FURTHER ORDERED** Plaintiff's Complaint [1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Extension of Time to Correct Errors Made in Lawsuit [10] is **DENIED AS MOOT**

**SO ORDERED** this 4th day of October, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE